MARCUS A. FARWELL

*v.*

CLAUDE J. ADAMS.

*Filed at Ottawa November 17, 1884.*

OFFICER—*failure to take oath of office and give bond during a contest.*
The statute requiring a town collector to take the oath of office and file his
bond within the time prescribed, applies only to the person declared elected
by the canvassing board, and to whom the certificate of election has been
given.  In case of a contest of the election, it will be sufficient if the con-
testant qualifies within the sam  time after a judgment is rendered in his favor
to entitle him to the fees and emoluments of the office which may have been
received by his unsuccessful opponent.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Circuit Court of Cook
county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Messrs. LEAMING & THOMPSON, for the appellant.

Mr. JOSEPH WRIGHT, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

At the annual town election held in the town of South
Chicago on the 5th day of April, 1881, the appellant, Marcus
A. Farwell, and Claude J. Adams, the appellee, were opposing
candidates, and voted for by the electors of said town, for the
office of town collector.  Upon a canvass of the returns of
the election, the canvassing board, of which appellant was a
member, declared Farwell duly elected, whereupon he quali-
fied, and assumed the duties of the office.  Adams not being
satisfied with the action of the canvassing board, instituted
proceedings in the county court of Cook county to contest
Farwell's election, and upon such contest it was found and
decreed by the county court that Adams, and not Farwell,
was elected to said office, which finding and decree of the

court have not been, nor are they now, questioned by appellant. The order in the cause was entered on the 16th of March, 1882, and on the 21st of the same month appellee took and subscribed the oath of office as collector of said town of South Chicago, and filed the same in the office of the clerk of said town, as required by law. It further appears that the decision of the county court declaring appellee entitled to the office has not only been acquiesced in by appellant, but that it was made in pursuance of an express stipulation between the parties, to the effect the order should be entered up at the time and in the manner it was, and that the said Farwell should, at the date of its entry, to-wit, the 16th day of March, 1882, turn over to appellee "said office, and all official papers, documents, books and property in his possession as such collector." When the election contest was thus terminated, appellee's term of office wanted but a few days of having expired, and appellant in the meantime had collected the taxes for the current year, made return of the tax books to the proper office, and had settled his accounts as collector. By this settlement he received, as collector, out of the fees of the office, after defraying all expenses of collection, the sum of $1500 cash. Upon this state of facts appellee brought an action of *indebitatus assumpsit* in the circuit court of Cook county, against the appellant, to recover the amount of the fees of the office thus received by the latter in excess of the necessary expenses of collecting the same. The circuit court, to whom the cause was submitted, without a jury, found the issues for the plaintiff, and assessed his damages at $1500. Final judgment was entered in favor of the plaintiff for this amount, which, on appeal by the defendant, was affirmed by the Appellate Court for the First District, and the present appeal is brought to review the judgment of the latter court.

It appears from the record, the circuit court announced its conclusion upon the merits of the case a short time before the 16th of March, 1882,—the day on which the formal judg-

ment was entered up; and the evidence tends to show, that upon the court's announcing its decision, the parties entered into a verbal agreement, to the effect that the entry of the formal judgment should be postponed to the 16th, in order to give appellant time to make return of the tax books and adjust his accounts as collector, so as to discharge his sureties from their liability on his official bond, and that in consideration of such postponement appellant was to pay to appellee $1500, the net emoluments of the office, and that this agreement was fully executed on the part of appellee. The existence as well as the terms of this alleged verbal agreement, and its subsequent performance by appellee, presented controverted questions of fact, which the trial and Appellate courts must have found adversely to appellant, and in our review of the case here, we must, of course, proceed upon that hypothesis.

It is, in effect, conceded that appellant not having been elected to the office of town collector, he is not entitled to the fees and emoluments thereof; but the contention is, that appellee, though duly elected to that office, by reason of not qualifying in the manner and within the time prescribed by the statute, he himself is in no position to demand them, and hence can not maintain this action. Sections 85 and 86, of chapter 139, of the Revised Statutes, are relied on as sustaining this position. They are as follows:

"Sec. 85. Every person elected or appointed to the office of supervisor, town clerk, assessor, commissioner of highways, or collector, before he enters upon the duties of his office, and within ten days after he shall be notified of his election or appointment, shall take and subscribe, before some justice of the peace or town clerk, the oath or affirmation of office prescribed by the constitution, which shall, within eight days thereafter, be filed in the office of the town clerk.

"Sec. 86. If any person elected or appointed to either of the offices above enumerated shall neglect to take and sub-

scribe such oath, and cause the certificate to be filed as above required, such neglect shall be deemed a refusal to serve."

It is admitted on the record that appellee did not, until after the determination of the election contest, take or subscribe the official oath contemplated by the above sections of the statute, and the question presented is, whether, under the circumstances stated, his failure to do so is to "be deemed a refusal to serve." We do not think it is. We are of opinion these sections of the statute are intended to apply only to such persons as are *prima facie* entitled to some office contemplated by the act. In *Benoit* v. *Miller*, 16 Mich. 56, where a statute similar to our own was before the Supreme Court of Michigan for consideration, it was said: "A certificate of election, whether rightfully or wrongfully given by the board of canvassers, confers upon the person holding it the *prima facie* right to the office, until his right is rejected by a voluntary surrender, or by a judicial determination against him. The statute requiring the oath of office and bond to be given within a certain time, applies only to persons declared elected, and to whom the certificate of election has been given." We fully concur in this view of the subject, and it is conclusive of the case before us. But the Michigan case just cited is not the only authority on the question. In *Pearson* v. *Wilson*, 57 Miss. 848, it is said: "Where an election is contested, the requirement to qualify within a prescribed time does not apply until the termination of the contest."

What we have heretofore said with respect to appellee's failure to take and subscribe the oath of office pending the election contest, is equally applicable to the objection that he did not execute a collector's bond within the time prescribed by the statute, and it follows this latter objection must be disposed of in the same way. In short, we do not perceive any error of law requiring a reversal of the judgment of the Appellate Court, and it will therefore be affirmed.

*Judgment affirmed.*