## Rosalie E. Kreitz, Administratrix of the Estate of John B. Kreitz, Deceased, v. Charles F. A. Behrensmeyer.

1. OFFICER DE FACTO—*Not Entitled to Fees.*—An officer *de facto* holding an office and receiving the fees and emoluments thereof is liable to account for such fees and emoluments to the officer *de jure* who has been excluded from the benefits of the office, and an action will lie to recover the same.

2. OFFICERS—*Certificate of Election—Prima Facie Authority.*—A certificate of election, whether rightfully or wrongfully given by the proper public authority, confers upon the person holding it the *prima facie* right to the office until his right is terminated by a voluntary surrender or by a judicial determination against him.

3. OFFICERS—*Bond and Oath.*—The statute requiring the oath of office and bond to be given within a certain time applies only to persons declared elected, and to whom the certificate of election has been given.

4. LIMITATIONS—*When the Statute Begins to Run.*—It is a general rule that the time limited by statutes of limitation is to be computed from the date when the person entitled is authorized first to commence a suit.

**Memorandum.**—Claim in probate. Originally filed in the County Court of Adams County; change of venue to the Circuit Court; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

APPELLANT'S BRIEF, H. S. DÁVIS AND CARTER, GOVERT & PAPE, ATTORNEYS.

A public office is a mere public agency, created for the benefit of the State. It is not an incorporeal hereditament in this country as in England. It is not a franchise. 92 Ill. 426; The People ex rel. v. Holtz, 104 Ill. 321; Graham v. The People ex rel., 111 Ill. 253. It is held neither by grant nor contract. It can not be sold, assigned or incumbered. The term is fixed "with a view of public utility, and not for the purpose of granting the emoluments, during that period, to the office holder."

If, then, the office is not the property of the holder of the legal title, and if the fees established by law are not his property but the property of the county, out of which it must pay a reasonable compensation for necessary services rendered for it, and if there is no privity between the holder of the legal title and the officer *de facto*, upon what legal principle can the right of recovery be based? The salary or compensation itself can neither be sold nor assigned in advance of its being actually earned. Mechem on Pub. Officers, Sec. 884; 55 N. Y. 442; Bliss v. Lawrence, S. C. 17 Am. Rep. 273.

APPELLEE'S BRIEF, WILLIAM McFADON AND SPRIGG, ANDERSON & VANDEVENTER, ATTORNEYS.

The principle is well settled by judicial decision in Illinois, that the *de facto* officer holding an office and receiving the fees and emoluments thereof, is liable to the *de jure* officer who has been excluded from the benefits of the office to which he is entitled, and an action to recover the fees received lies in favor of the *de jure* officer against the *de facto* officer. Mayfield v. Moore, 53 Ill. 431; Farwell v.

Adams, 112 Ill. 58; Waterman v. C. & I. R. R. Co., 139 Ill. 669.

This holding of the Supreme Court of Illinois is that of the highest courts, substantially, of all the States in the Union. McCrary on Elections, § 332 (ed Ed.); United States v. Addison, 6 Wall. (U. S.) 291; Dolan v. Mayor, 68 N. Y. 274; Glasscock v. Lyons, 20 Ind. 1; Curry v. Wright, 9 Lea (Tenn.) 247; Kessel v. Leiser, 102 N. Y. 114; Nichols v. Mac-Lean, 101 N. Y. 526; People v. Miller, 24 Mich. 458; Hunter v. Chandler, 45 Mo. 452; Throop on Pub. Officers, § 522; Mechem on Pub. Officers, § 333; Dorsey v. Smith, 28 Cal. 21; Pettit v. Rousseau, 15 La. Ann. 239; Delahanty v. Warner et al., 75 Ill. 185.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee presented a claim against the estate of John B. Kreitz, deceased, for money had and received by the deceased in his lifetime for the use of appellee.

The venue was changed from the County Court where the claim was filed, to the Circuit Court. In the latter court the cause came on to be tried, and a jury being waived, the issues were submitted to the court, resulting in a finding for the appellee in the sum of $7,333, to be allowed as of the seventh class. The appeal of the administratrix brings the record before this court.

The claim was for the salary of the office of treasurer of Adams county, to which the appellee was elected November 6, 1886.

John B. Kreitz, the deceased, was a candidate for the office, and having received a certificate of election from the board of canvassers, took possession of the office, and held it until his death, August 11, 1890.

The appellee contested the election by proceedings properly instituted under the statute, and the case was twice tried in the County Court, and was twice in the Supreme Court. By the judgment of the latter court, upon the final hearing (135 Ill. 591), it was determined that appellee, the contestant, was duly elected to the office. The opinion was

filed after the death of Kreitz, but the judgment was rendered *nunc pro tunc* as of June 11, 1890.

It is argued on behalf of appellant that the appellee has no cause of action.

It is conceded that the rule is otherwise laid down in Mayfield v. Moore, 53 Ill. 431, but the position is taken that the constitution of 1870 has so changed the mode of compensating county officers as to make the decision in that case not applicable here.

Prior to the adoption of the present constitution a person holding an office to which fees were incident might retain all the receipts of the office for his own use, and in some counties the emoluments thus became very much larger than was deemed best for the public welfare. In order to limit the amount to be received and retained by the several county officers, it was provided by Sec. 10, Art. 10, of the Constitution that the county board should fix the compensation of all county officers with their necessary clerk hire and other expenses, to be paid in all cases where fees were provided for, out of the fees collected, with certain limitations as to the amount of compensation allowable, the surplus of collected fees to go into the county treasury. It was intended merely to limit the amount of compensation an officer may receive. It is not perceived how this limitation upon the emoluments of an office should modify or abrogate the rule of law announced in Mayfield v. Moore, *supra*. The office still has its emoluments, but a limit has been imposed so that in no case shall the officer receive in excess of the amount fixed. It is not always a limitation in fact. It is never so necessarily, for it may happen in any case and does happen in some cases that the fees collected are not sufficient to realize the amount allowed, but the deficit is not made up by the county.

If one not entitled to an office, obtains possession and enjoys its compensation, he has no more reason for retaining what he had no right to take, under the present mode of fixing the compensation, than he had before.

We do not appreciate the argument apparently so much

relied upon by counsel, drawn from Sec. 12 of Art. 10, of the Constitution. That section provided that all laws fixing fees of State, county and township officers should terminate with the terms of those who might be in office at the first meeting of the General Assembly after the adoption of the constitution, and that the General Assembly should " by general law, uniform in its operation, provide for and regulate the fees of said officers and their successors so as to reduce the same to a reasonable compensation for services actually rendered," and it further provided for the classification of the counties by population and for the regulation of the fees according to class.

This section referred to State and township as well as county officers and had in view the regulation of the fees, to the end that the fee to be paid should bear a proper proportion to the service rendered. It was known that by means of special acts, fees were not the same in all the counties, and that by the same means officers had been authorized to charge fees greatly out of proportion to the service in many instances.

To correct inequality and to prevent excessive charges, this section was devised.

What light it can possibly throw upon the question under consideration we do not perceive.

It is argued by counsel for appellant that appellee can not recover because he was never fully qualified, because he was not commissioned by the governor, and because he did not file bonds as collector for the years 1888-9-90.

In Farwell v. Adams, 112 Ill. 57, a similar position was assumed, but was held untenable. The court said the sections of the statute there quoted requiring town officers to take a prescribed oath within a certain time after being notified of election were intended to apply only to such persons as were *prima facie* entitled to office, and quoted approvingly from the opinion of the Supreme Court of Michigan, in Benoit v. Miller, 16 Mich. 16, where it was said : "A certificate of election, whether rightfully or wrongfully given by the board of commissioners, confers upon the

person holding it the *prima facie* right to the office until his right is rejected by a voluntary surrender or by a judicial determination against him. The statute requiring the oath of office and bond to be given within a certain time applies only to persons declared elected and to whom the certificate of election has been given."

The court also quoted from Pearson v. Wilson, 57 Miss. 848: "Where an election is contested the requirement to qualify within a prescribed time does not apply until the termination of the contest."

We must overrule this objection.

It is further objected that because the appellee never actually obtained possession of the office he can claim nothing.

The litigation was prolonged until the term expired, the final opinion of the Supreme Court being filed in January, 1891, though the judgment was entered *nunc pro tunc* because of the death of the contestee after the cause was submitted to the court.

According to the argument thus made, if the decision had been actually rendered before the term closed so that appellee might have gotten possession though but for a day, his position in a legal point of view would have been better than it is, though the difficulty is due to the delay of the Supreme Court in deciding the case. It is a settled maxim that "an act of the court shall prejudice no man" (Broom, 122) and for this reason the judgment was entered *nunc pro tunc*, so that it should be valid notwithstanding the death of a party while the case was under advisement.

Upon similar ground of reason and justice when the final judgment is delayed until the term has expired the successful party should not be deprived of the fruits of his victory.

He can not take possession nor can he have a commission, neither need he perform the useless act of a demand, or of filing an oath or a bond. Assuming for the sake of argument that if the term has not fully run these things are necessary, it is clear that when the term has expired they are not necessary.

In this connection is the argument of appellant that it is a case of *damnum absque injuria*, and an extended discussion of the question as to the right of recovery by an officer *de jure* against an officer *de facto* who has enjoyed the office. The case of Stuhr v. Curran, 15 Vroom, is cited and quoted from at some length.

We have examined the principal opinion in that case as well as the dissenting opinion of Ch. J. Beasly. Both opinions are elaborate, but we need not enter upon the field of discussion thus occupied. As already observed the question is settled in this State in favor of the right of recovery by the case of Mayfield v. Moore, *supra*, and we may therefore dismiss the point without further notice.

It is also objected that the judgment is too large. This is based upon the proposition advanced by appellant's counsel that the salary of the treasurer was fixed by the board at $2,000, for the entire term and not at $2,000 per annum.

It appears that at the meeting of the county board held in September, 1886, the report of the finance committee was presented as follows:

" We, your committee on finance, to whom was referred the matter of fixing salaries of the several county officers of Adams county to be elected November, 1886, whose salaries are to be fixed by the county board, would respectfully report that we have considered the same and would recommend the following :

The salary of the county judge $2,000. The salary of the county clerk $3,000 per annum and such sum for clerk hire as the business of the office requires.

The salary of sheriff $2,000 and the sum of $2,000 per annum for deputy hire; county treasurer, salary of $2,000, and $1,000 for clerk hire. All of which is respectfully submitted. Signed," etc.

On motion the report was adopted as the order of the board.

This action of the board was in pursuance of Sec. 10, Art. 10, of the Constitution, above referred to, which clearly contemplates an allowance per annum.

The report was not carefully drawn.

A salary for each officer was fixed; as to some of them it was expressly per annum, as to others there is no limitation whether for one year or for the term. Taking it altogether we have no doubt a salary per annum was intended for each officer. It would be unreasonable to suppose that the board intended the gross inequality that would follow from the construction insisted upon. Evidently the board never so understood it, as is apparent from the settlements made with Kreitz on the basis of $2,000 per annum. Having received the salary per annum under this order, we · think Kreitz could not be heard to say that by a nice and technical construction of the order he was entitled to but $2,000 for the whole term, and that all the residue received was a mere gratuity to which he had no right, which he did not receive by virtue of the office and for which he should not be required to render an account to the *de jure* officer.

It is urged that the copy of the records of the Supreme Court showing the final judgment *nunc pro tunc* was improperly admitted because the different papers therein contained were not properly identified.

This objection seems without force and is not urged with much apparent confidence.

So also, of the suggestion made in this connection that the judgments of the Supreme Court were void, because actually rendered after the death of Kreitz, which is sufficiently disposed of in what we have already said as to the maxim that the delay of the court shall not prejudice the suitor.

It is insisted the court erred in estimating the amount due the claimant. There was evidence before the court as to the reasonable expenses of the office, and the court found that the sum of $1,000 per year allowed by the board for clerk hire was sufficient.

Without going into this evidence in detail, we may say we are disposed to agree with the conclusion reached by the court. The sum allowed was no doubt enough and all that was really necessary, if the incumbent gave his personal attention to the duties of the office, as would ordinarily be expected.

The officer should not turn over to subordinates all the duties of the office. The trust is personal to himself and he is required to devote his personal services to the discharge of its functions, using only so much assistance in the matter of details and the like as may be necessary. It would be unreasonable and unjust to permit one not elected to an office, but who holds a certificate of election, and thereby has possession, to show, when called to account by the *de jure* officer, that he wholly neglected to attend to the duties of the position and that he spent the entire salary in paying for the services of clerks and other employes, he doing nothing.

The lawful claimant should not thus be deprived of his just dues when the law finally awards him the office to which he was elected, and from which he was unlawfully excluded by means of a false certificate of election.

The statute of limitations, five years, is invoked as a defense to a part of the claim.

This proceeds upon the view that four months of the time elapsed five years before the claim was filed in the County Court; that during said period of four months the deceased had earned a part of his salary and had actually received it, because he had collected public funds from which he might lawfully retain and appropriate such accrued salary. We think it is unnecessary to determine whether there is evidence upon which to predicate such an hypothesis.

It is a general rule that the time limited by the acts of limitation is to be computed from the time when the right of entry accrued or when the creditor is authorized first to commence a suit. Angell on Lim. 34; Wait's Actions and Defenses, Vol. 7, 231. In the present case the statute did not begin to run until the appellee was in position to maintain his action for the present demand.

Had he brought a suit before the office was adjudged to him, he must have failed. The certificate of election gave Kreitz the *prima facie* right to hold the office, a right which could not be questioned in a collateral proceeding and of which he could be deprived only by means of a direct proceeding to recover the office itself.

As to the action of the court in holding and refusing propositions of law the appellant presents a number of objections. At the instance of appellee the court held propositions No. 1, 2, 3, 6 and 7.

In all of these questions of fact are involved, and for that reason the court might well have declined to treat them as propositions of law. So far as the facts therein stated are concerned we are inclined to agree with the conclusion reached, as will appear from a reading of the propositions in the light of what we have already said. Assuming the court correctly found the facts, we see no error in its application of the law thereto. We think the appellant has no cause of complaint in this respect. The court refused to hold sundry propositions presented by appellant. Of these, eight were in some form or other based upon the view that the appellee could not recover without having qualified or been commissioned, or without having obtained actual possession of the office. We have already considered the questions thus raised and do not care to repeat what has been said in that regard.

The ninth refused proposition presented the point that the claimant could not recover any salary not received by the said Kreitz in his lifetime but which the evidence might show was received by the administratrix.

This relates to the money retained by the administratrix (out of the public funds in the hands of deceased) in her settlement with the county board, for and on account of the salary accrued for the current year up to the time of his death. It can not be said that the administratrix received this money in the sense of collecting it. The deceased had received it himself, and all the administratrix did, was to account for so much as the deceased was not entitled to retain and was bound to pay over. This was the substance and effect of the matter to which the proposition referred, and we see no error in the action of the court herein. The eleventh proposition refused was that the claimant was not entitled to recover interest on the claim or any part thereof. Whether this was true depended upon the facts. The prop-

osition was faulty in assuming that the case was by the proof not within the law allowing interest—but regardless of this feature of the proposition and conceding that the undisputed facts were as assumed—no harm was done by the refusal, because it is apparent the court did not allow interest in computing the amount due upon the claim.

The allowance was evidently for the salary at $2,000 per year for three years and eight months, the court having determined (as stated in the proposition numbered six, held at the instance of appellee) that $1,000 per year granted by the county board for clerk hire, was sufficient to cover all necessary expenses of the office. The two remaining propositions marked refused, asserted the bar of the statute of limitations as to the salary accruing more than five years before the claim was filed.

We desire to add nothing to what has already been said on this point.

No other objections of importance are discussed in the brief of appellant.

The whole case considered, we are of opinion that the judgment of the Circuit Court was responsive to the merits and that no substantial error has intervened, wherefore the judgment should be affirmed.